# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DERRICK LEE WALKER,     )
                        )
    Plaintiff,          )
                        )
v.                      )     Case No. CV411-303
                        )
OFFICERS AND OFFICERS   )
OF THE COURTS INDIVIDUALLY )
AND IN THEIR OFFICIAL   )
CAPACITY,               )
                        )
    Defendants.         )

## REPORT AND RECOMMENDATION

Indicted on March 2, 2011 on drug charges, *see* attached state court docket, Derrick Lee Walker seeks money damages and an order from this Court enjoining that prosecution. Doc. 1 at 1-2. He invokes 42 U.S.C. § 1983 to do this,[1] and has since petitioned for 28 U.S.C. § 2241 habeas

---

[1] Since he has completed his IFP paperwork, docs. 6 & 7, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to sua sponte dismiss a claim of a plaintiff proceeding in forma pauperis for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

relief. *Walker v. St. Lawrence*, CV412-203 (S.D. Ga. filed Jan. 25, 2012).

Walker has obviously trolled the U.S. Code and cited every last civil rights statute he could find, doc. 1 at 2 (listing things like the *criminal* civil rights statutes and 42 U.S.C. §§ 1981, 1985, 1986 etc.). He does so while naming (in his complaint's caption) as defendants only the "officers" involved in his prosecution, which he explains (in the body of his complaint) are the "District Attorney's [sic] for Chatham County Judicial Circuit" (hence, the District Attorney's Office) and his defense counsel. Doc. 1 at 3.

His money damages claim against the District Attorney, even if it could meet the elements of the civil remedies he invokes, is barred by Eleventh Amendment immunity. *Owens v. Fulton County*, 877 F.2d 947, 952 (11th Cir. 1989) (the office exercises state power); *McClendon v. May*, 37 F.Supp.2d 1371, 1375-76 (S.D. Ga. 1999); *Leonard v. City of Columbus*,

---

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 1 n. 1 (11th Cir. Sep. 26, 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se pleadings are still construed liberally after *Iqbal*).

2011 WL 672249 at * 2 (M.D. Ga. Jan. 20, 2011).² And his defense lawyer is not a state actor, so his claims against her fail, too. *Polk v. Dodson*, 454 U.S. 314, 317-19 (1981); *id.* at 325 ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Walker also seeks to enjoin what he characterizes as a bad faith prosecution. Doc. 1 at 11-12. That relief is available only where extraordinary circumstances are shown to support a federal injunction against a state prosecution. *Younger v. Harris*, 401 U.S. 37, 41 (1971) (an ongoing state criminal proceeding may not be enjoined "except under special circumstances."); *see also Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Special circumstances are not alleged here, so this claim fails, too.

---

² Additionally, "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). Walker alleges nothing beyond that here. And "[i]t is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates unless the supervisor personally participates in the alleged constitutional violation or there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (quotes and cite omitted). At most Walker plies a vicarious liability recovery theory here.

Finally, to the extent Walker seeks release from custody, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). He ultimately seeks to challenge the fact or duration of his confinement by the state, so he "must seek federal habeas corpus relief (or appropriate state relief) instead" of a § 1983 judgment. *Wilkinson*, 544 U.S. at 78. To do that he must first exhaust his state court remedies.[3] Hence, his request for release is non-cognizable under § 1983.

---

[3] Walker does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Walker's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980).

And, as noted, his 28 U.S.C. § 2241 habeas petition must be dismissed for lack of exhaustion. Put another way, Walker must return to the state court where he belongs.

At this stage the Court ordinarily considers whether to *sua sponte* grant plaintiffs like Walker a second chance to plead their case. *Langlois v. Traveler's Ins. Co.*, 401 F. App'x. 425, 426-427 (11th Cir. 2010). However, it is apparent that a second chance would be futile here. Accordingly, Derrick Lee Walker's case should be **DISMISSED**. *Hale v. King*, 2012 WL 84820 at * 3 (M.D. Fla. Jan. 12, 2012) (same result in similar prosecution jam-up case). The Court also **DENIES** his motion for appointment of counsel. Doc. 9.[4]

In the meantime, it is time for Walker to pay his filing fee. His

---

As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c); *see also Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011) (collecting pre-conviction, state remedy cases).

[4] "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). This Court appoints counsel only in exceptional circumstances "such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Walker has shown nothing like that here.

furnished account information shows that he has had funds in his prison account during the past six months. Doc. 6 ($10.30 average monthly balance for the last six months). He therefore owes an initial partial filing fee of $2.06. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall deduct $2.06 from Walker's account and, when combined with future collections to reach $10.00, remit it to the Clerk of Court (payable to the "Clerk of Court"). The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian (G. Sheppard, doc. 6) immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee

and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this  15th  day of February, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



## CHATHAM COUNTY, GA
## Eastern Judicial Circuit of Georgia

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

February 10, 2012    Location: Case Details

Input your search...

**CASE LOOKUP**

**COURT FORMS**

**COURT FEES**

**MAP & DIRECTIONS**

**JURY SERVICES**

**SITE SEARCH**

# Case Details

### State
### VS.
### WALKER, DERRICK LEE

- Case Events
- Charges
- Parties
- Proceedings

### Case Information
| | |
|---|---|
| Court: | Superior |
| Case Number: | CR110528 |
| Case Type: | DRUGS - SALE/TRAFFICKING |
| Judge: | HONORABLE LOUISA ABBOT |
| Assistant District Attorney: | JUSTIN MAINES |
| Date Filed: | 3/2/2011 |
| Status: | ACTIVE - |
| Next Event: | 2/13/2012 TRIAL DOCKET CALL |

### Defendant Information
| | |
|---|---|
| Name: | WALKER, DERRICK LEE |
| DIN: | S0095443 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 67 |
| Weight: | 190 |
| Eyes: | BROWN |
| Hair: | BLACK |

Chatham County Sheriff S0095443

Click for large Picture

**Defendant History**

### Attorney Information
JUNE FOGLE
540 EAST OGLETHORPE AVE
SAVANNAH, GA
31401

### Bondsman Information
N/A

### Case Events
| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 2/13/2012 | 09:00AM | TRIAL DOCKET CALL | LOUISA ABBOT | |
| 12/8/2011 | 2:00PM | TRIAL DOCKET CALL | LOUISA ABBOT | RESCHEDULE EVENT |
| 11/14/2011 | 09:00AM | TRIAL DOCKET CALL | LOUISA ABBOT | RESCHEDULE EVENT |
| 9/22/2011 | 3:00PM | PLEA HEARING | LOUISA ABBOT | OTHER |
| 9/15/2011 | 10:00AM | PLEA HEARING | LOUISA ABBOT | RESCHEDULE EVENT |
| 8/11/2011 | 10:00AM | PLEA HEARING | LOUISA ABBOT | RESCHEDULE EVENT |
| 6/16/2011 | 10:00AM | PLEA HEARING | LOUISA ABBOT | RESCHEDULE EVENT |
| 4/12/2011 | 10:00AM | STATUS CONFERENCE HEARING | LOUISA ABBOT | |

[Return to Top]

### Charges
| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-13-30(B)SELL | SALE OF CONTROLLED SUBSTANCE | 1 | FELONY | 8/30/2010 | |
| 16-13-32.3 | USE COMMUNICATION FAC. FOR CRIMINAL USE | 1 | FELONY | 8/30/2010 | |
| 16-13-30(B)Sell | SALE OF CONTROLLED SUBSTANCE | 1 | FELONY | 8/30/2010 | |

[Return to Top]

### Proceedings
| | | | | | |
|---|---|---|---|---|---|
| 2/13/2012 | 09:00AM | TRIAL DOCKET CALL | | LOUISA ABBOT | |
| 2/1/2012 | | PRO SE MOTION | | | NTC OF APPEAL/ |

| Date | Time | Event | Status | Judge | Description |
|---|---|---|---|---|---|
| 1/27/2012 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | ADDRESSED TO ATTY M. EDWARDS/ |
| 1/13/2012 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | ADDRESSED TO MICHAEL EDWARDS/ |
| 1/13/2012 | | ORDER | | | SIGNED ORDER ON DEFS PRO SE DEMAND TO DISMISS CHARGES - STRICKEN/ |
| 1/11/2012 | | ORDER | | | SIGNED ORDER ON MTN TO SUBPOENA THE INVESTIGATOR OF THE PD OFFICE MR. MACKY - DISMISSED/ |
| 1/11/2012 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | DISMISSED | | DEMAND TO DISMISS CHARGES/ |
| 1/4/2012 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | DISMISSED | | MTN TO SUBPOENA THE INVESTIGATER OF THE PD OFFICE MR. MACKY/ |
| 1/4/2012 | | ORDER | | | SIGNED ORDER ON MTN TO SUBPOENA ATTY JENNIFER BURNS OF THE PD OFFICE - DENIED/ |
| 12/30/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | DENIED | | MTN TO SUBPOENA ATTY J. BURNS OF PD OFFICE/ |
| 12/16/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | REQUEST ALL MTNS/ |
| 12/13/2011 | | ORDER | | | SIGNED ORDER ON MTN TO REDUCE BOND - STRICKEN/ |
| 12/8/2011 | 2:00PM | TRIAL DOCKET CALL | RESCHEDULE EVENT | LOUISA ABBOT | |
| 12/8/2011 | | PRO SE MOTION | STRICKEN | | MTN FOR BOND/ |
| 12/8/2011 | | PRO SE MOTION | STRICKEN | | MADDOX MTN AND RULE NISI TO PRODUCE AND PRESERVE EVIDENCE/ |
| 12/7/2011 | | ORDER | | | SIGNED ORDER ON PRO SE MTN FOR REDUCTION IN BOND - STRICKEN/ |
| 11/23/2011 | | PRO SE MOTION | STRICKEN | | MTN FOR PRODUCTION IN LAYMEN TERMS PRO-SE/ |
| 11/21/2011 | | PRO SE MOTION | STRICKEN | | MTN FOR REDUCTION OF BOND/ |
| 11/15/2011 | | SUBPOENA DUCES TECUM | | | AT&T SUBPOENA CNTR/ |
| 11/14/2011 | 09:00AM | TRIAL DOCKET CALL | RESCHEDULE EVENT | LOUISA ABBOT | |
| 11/1/2011 | | BOND ORDER | | | GRANTED/ |
| 10/31/2011 | | MOTION - TO COMPEL | | | DISCLOSURE OF CONFIDENTIAL INFORMANT/ |
| 10/31/2011 | | MOTION - TO REVEAL DEAL | | | |
| 10/25/2011 | | PETITION FOR BOND/NISI | | | 110111 @ 920AM/ |
| 9/22/2011 | 3:00PM | PLEA HEARING | OTHER | LOUISA ABBOT | |
| 9/15/2011 | | HOLD ORDER | | | |
| 9/15/2011 | 10:00AM | PLEA HEARING | RESCHEDULE EVENT | LOUISA ABBOT | |
| 8/11/2011 | | HOLD ORDER | | | |
| 8/11/2011 | 10:00AM | PLEA HEARING | RESCHEDULE EVENT | LOUISA ABBOT | |
| 6/21/2011 | | MOTION/ORDER FOR PRODUCTION OF STATE PRISONER | | | |
| 6/16/2011 | 10:00AM | PLEA HEARING | RESCHEDULE EVENT | LOUISA ABBOT | |
| 5/19/2011 | | STATES DISCOVERY DISCLOSURE AND DEMAND FOR RECIPROCAL DISCOVERY | | | DISCOVERY DISCLOSURE/DEMAND FOR DISCLOSURE OF WITNESS IDENTITIES AND INFORMATION/DEMAND FOR WITNESS STATEMENTS/DEMAND FOR DISCOVERY REGARDING ALIBI/DEMAND FOR ADDITIONAL DISCOVERY/LIST OF WITNESSES/NTC OF INTENT TO PROSECUTE DEF AS A RECIDIVIST/NTC OF INTENT TO OFFER EVIDENCE IN AGGRAVATION OF PUNISHMENT/NTC OF STATE"S INTENT TO INTRODUCE EVIDENCE OF SIMIALR |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | TRANSACTIONS AND MTN TO ALLOW SUCH EVIDENCE/CERT OF SERV/ |
| 4/12/2011 | 10:00AM | STATUS CONFERENCE HEARING | | LOUISA ABBOT | |
| 3/16/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | REQUEST ENTIRE FILE/ |
| 3/9/2011 | | CONSOLIDATED MOTIONS PACKAGE | | | CERT OF SERV/ |
| 3/8/2011 | | PRETRIAL SCHEDULING ORDER | | | |
| 3/3/2011 10:33:49 AM | | SCREENING | | | Initial Case Screening / Scanning |
| 3/2/2011 | | INDICTMENT | | | |
| 10/19/2010 | | ENTRY OF APPEARANCE | | | J. FOGLE/ |
| 10/19/2010 | | DEFENDANTS ELECTION TO PROCEED UNDER OCGA 17-16-1 | | | |

[Return to Top]